1  LARRY MINSKY, ESQ., SBN 96592
2  LAW OFFICE OF LARRY MINSKY
3  444 W. Ocean Blvd., Suite 400
   Long Beach, California 90802-4527
4  Telephone (562) 435-7878
5  Facsimile (562) 435-7778
   minskyesq@aol.com
6
7  DAVID J. DUCHROW, ESQ., SBN 105617
   LAW OFFICE OF DAVID J. DUCHROW
8  401 Wilshire Boulevard, Suite 1000
9  Santa Monica, California 90401-1476
   Telephone (310) 395-5511
10 Facsimile (310) 395-6677
11 dduchrow@djduchrowlaw.com
12
   Attorneys for Plaintiff
13 DONALD GROSS
14
                UNITED STATES DISTRICT COURT
15
                CENTRAL DISTRICT OF CALIFORNIA
16
17 DONALD GROSS, an individual  )  CASE NO. CV 10-3524-JFW (Ex)
18                              )
                    Plaintiff,  )  **STIPULATED PROTECTIVE**
19                              )  **ORDER REGARDING**
                                )  **PLAINTIFF'S MEDICAL AND**
20   vs.                        )  **PSYCHOLOGICAL RECORDS**
21                              )
   LOS ANGELES COUNTY           )
22 SUPERINTENDENT OF            )
   SCHOOLS, A Public Entity; et al., )
23                              )
24                  Defendants. )
25 _____ )
26     Subject to the approval of this Court, the Plaintiff DONALD GROSS,
27
   hereinafter referred to as "GROSS," and Defendants LOS ANGELES COUNTY
28

SUPERINTENDENT OF SCHOOLS, A Public Entity; LOS ANGELES COUNTY OFFICE OF EDUCATION, BOARD OF EDUCATION, A Public Entity hereinafter referred to as "DEFENDANTS," hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, it has been disclosed that GROSS has sought medical treatment as well as psychological treatment and counseling, both for matters encompassed within this lawsuit, and for matters having no bearing on the facts of this lawsuit. Some of the medical records pertaining to the above noted medical treatment involves matters which are private to GROSS and to persons having no connection with this lawsuit. Such information has not been made public.

2. GROSS may designate any records or documents from any medical provider inclusive of psychological treatment/counseling to be "Confidential" under the terms of this Stipulated Protective Order, referred to herein as "Order."

3. Confidential documents shall be designated by stamping copies of the documents produced with the word "CONFIDENTIAL." Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by GROSS.

4. Testimony taken at a deposition, conference, hearing or other proceeding may be designated as CONFIDENTIAL by making a statement to that

effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL, and to label such portions appropriately. Arrangements will be made with any videographer recording such proceedings to separately record, store and maintain such portions of the proceeding containing information designated as CONFIDENTIAL, and to label such portions accordingly.

5. Material designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as CONFIDENTIAL (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense or settlement of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical and secretarial staff rendering services to such counsel), and to the "Qualified Persons" designated below.

   a. A party, an officer, director, governing board, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

  b. Experts or consultants, together with their clerical staff, retained by counsel to assist in the prosecution, defense, or settlement of this action;

  c. Court reports employed in this action;

  d. A witness at any deposition or other proceeding in this action; and

  e. Any other person as to whom the parties in writing agree.

7. Prior to receiving any Confidential Material, each Qualified Person shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party, and for the parties.

8. Depositions shall be taken only in the presence of Qualified Persons.

9. If Confidential Material, including any portion of a deposition transcript designated as CONFIDENTIAL is included in any papers to be filed in Court, such papers shall be labeled "CONFIDENTIAL - Subject to Court Order" and filed under seal until further order of this Court.

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its CONFIDENTIAL status through such use, and the party using such shall take all reasonable steps necessary to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties to

bring before the Court at any time the question of whether any particular document or information is CONFIDENTIAL or whether its use should be restricted, or to present a motion to the Court under Federal Rule of Civil Procedure 26 (c) for a separate protective order as to any particular document or information. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. Confidential Material shall not be made available to any person who is not a party to this litigation, unless that person is a Qualified Person, without further order of this Court, based upon a showing of good cause by the person requesting Confidential Material.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not

-5-

**Stipulated Protective Order Regarding Plaintiff's Medical and Psychological Records**

become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for DEFENDANTS shall return to GROSS all documents, material and deposition transcripts designated as CONFIDENTIAL and all copies of same, or shall certify the destruction thereof.

**SO STIPULATED:**

FOR DEFENDANTS:

DATED: June 14, 2010                LITTLER & MENDELSON

                                    BY: s/Robert Conti
                                    Robert Conti, Attorney for Defendants

FOR PLAINTIFF:

DATED: June 14, 2010                LAW OFFICE OF DAVID J. DUCHROW
                                    LAW OFFICE OF LARRY MINSKY

                                    BY: s/David J. Duchrow
                                    David J. Duchrow, Attorney for Plaintiff

APPROVED AND SO ORDERED:

DATED: 9/23/10

_____
United States ~~District Judge~~ Magistrate Judge

-6-

**Stipulated Protective Order Regarding Plaintiff's Medical and Psychological Records**

Attachment A

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in LOS ANGELES COUNTY SUPERINTENDENT OF SCHOOLS, A Public Entity; LOS ANGELES COUNTY OFFICE OF EDUCATION, BOARD OF EDUCATION, A Public Entity; and DOES 1 through 20, inclusive,, case number CV 10-3524-JFW (Ex). I hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

_____
Date

_____
Print name

_____
Signature

Stipulated Protective Order Regarding Plaintiff's Medical and Psychological Records